JUAN SUÁREZ PÉREZ, Plaintiff and Appellant, *v.* JOSÉ
SUÁREZ GARCÍA, Defendant and Appellee.

No. 6511.  Argued December 18, 1933.—Decided January 23, 1934.

*H. Torres Solá* for appellant.  *Ramón P. Rodríguez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

On the 18th of last December, counsel for both parties
were heard upon a motion to dismiss the appeal which had
been presented by the appellee on the 2nd of said month, by
and upon a motion of opposition and for a new term which
was filed by the appellant on the same day, December 18.

It appears from the record that the appeal was taken
on September 12, 1933; that at the request of the appellant,
the term for filing the transcript of the record was extended,
first, until October 27, then until the 12th, and lastly until
the 21st of November, 1933.  As a new request for extension
was filed on November 23, the same was denied because a
term which has lapsed can not be extended.

At this stage of the proceedings, the motion to dismiss
the appeal was made, but the transcript was not filed then
nor at the time of the hearing of that motion.

What reasons does the appellant offer to justify his conduct? He claims that after the appeal was taken, he asked the Lawyer's Cooperative Agency of Public Stenography to prepare the transcript consisting of seventy-six typewritten pages, and it was sent to the attorney for the appellee on October 16, 1933, for examination and certification, but it could not be delivered to him until the 2nd of the following November because he could not be located until then. That on the same day, November 2, the attorney for the appellee acknowledged receipt thereof in a letter which in part states: "I am reviewing the transcript and I notice that you have copied the whole case, for which reason I will not be able to return it immediately."

As in fact he did not return it, the attorney for the appellant again wrote to him on November 14, 1933, stating that an extension of time to November 21 had been sought and obtained from the Supreme Court;

"6.—That in reply to this letter . . . Mr. Rodríguez Alberty stated to the undersigned over the telephone that he could not verify the transcript because the record was not in the office of the clerk, as the stenographer Gandía had it; but that I should not worry, as he could grant me all the extensions needed.

"7.—That the subscribing attorney relied in good faith on the offer of the attorney for the defendant that he would certify the transcript and grant the necessary extensions to file them.

"8.—When the extension ending on November 21 became due, the appellant prepared another motion for extension which the defendant consented by signing the same on November 22, 1933.

"9.—That Mr. Rodríguez Alberty, attorney for the defendant José Suárez García, retained in his possession the transcript of the record in this case until after the lapse of the extension which expired on November 21, 1933 . . . and brought said transcript of the record to the subscribing attorney, at his office in San Juan, on November 22, 1933, after the said term had lapsed; and demanded then that as a prerequisite to his certification, the following be added thereto:

"A.—Objection to the application for leave to file the amended complaint.

"B.—Objection of the defendant to the granting of an injunction.

"C.—Order of the court of May 17, 1932, on a motion to strike out.

"10.—That notwithstanding the fact that said documents were of no importance in the consideration of the appeal in the case at bar, in which a judgment on demurrer is involved, wherein only the sufficiency of the complaint can be considered, the subscribing attorney agreed to add said documents to the record in order to remove any objection of the attorney for the defendant to his certification of said transcript.

"11. That the transcript in this case was not presented until November 21, 1932, because the attorney for the defendant-appellee retained it for twenty days, that is, from November 2 until November 22, 1933, under his promise to certify it after he had verified it, which the attorney for the defendant-appellee never did, and has refused to do so.

"12.—That in view of the conduct of the attorney for the defendant herein, the undersigned has requested the certification of the transcript of the record by the clerk of the district court of San Juan. In this connection he has met with difficulties on account of the fact that the transcript of the record herein consists of 76 folios which, at the rate of 20¢ for each folio under schedule ''Q'' of Act No. 17 of the Legislature of Puerto Rico, approved March 11, 1915, should only cost $15.20 in fees, while the clerk of the district court, applying the rate of 20¢ for each one hundred words, has fixed a charge of $34.20 for the transcript or about double the fees which the appellant believes he should pay.

"13.—That because of the disagreement between the clerk of the District Court of San Juan and the subscribing attorney, as regards the fees to be charged for the certification of the transcript of the record herein, the plaintiff-appellant deposited with the clerk of the District Court of San Juan, Civil Section, the amount of $34.20, together with the original transcript of the record.''

Subsequent to the letter of November 14, the following took place, according to the attorney for the appellee:

"7.—On November 14, 1933, I received a letter from Mr. Torres Solá reminding me of the transcript, and when I met him in the building of the District Court of San Juan on the following day, I reminded him of our previous conversation and, in addition, I

told him that almost one-half of the matter copied by the stenographer would have to be stricken out from the transcript because it was unnecessary, and I gave him a memorandum of three essential pleadings ommitted which would have to be added thereto. He agreed to send for the transcript of the record.

"8.—At this stage, I directed my stenographer that as Mr. Torres Solá sent for the transcript, that it be delivered to him and when I realized that Mr. Torres Solá had forgotten the transcript, on November 21, 1933, I called him on the telephone but did not find him. I met him on the afternoon of the same day on Allen Street, San Juan, and called his attention to this fact, and we agreed that on the next day, when I would have to return to San Juan, I would take the transcript to him, and in compliance with my promise, on that day, namely, November 22, 1933, I personally delivered the transcript at his office in order that it be corrected. He proposed that we should strike nothing therefrom but add thereto what I asked, and that we should jointly apply to the Supreme Court for an extension of time.

"9.—Then I pointed out that the Supreme Court would not grant him such an extension because the application would not be made seasonably, but that I was ready to grant him an extension, although my client was urging me to finish his case as it was an old one and because an attachment had been issued therein with a prohibition against alienation. Mr. Torres Solá insisted that the extension be made in writing and we then subscribed a motion requesting an extension until November 30, 1933, a term fixed by him.

"10. Accordingly, on November 23, this Honorable Court denied the extension, but the subscribing attorney, in compliance with his pledged word, did not move for the dismissal of the appeal before November 30, 1933, that is, within the period covered by the extension."

The transcript was finally presented on the 2nd of this instant January.

It is evident that the appellant failed to comply with the statute and the rules of court in the prosecution of his appeal, and that therefore the appeal may be dismissed.

The question to be decided is whether the reasons presented by the attorney for the appellant are sufficient for this court, in the exercise of its discretion, to grant the new

term requested, or, in view of what has subsequently taken place, to consider said term as granted and the transcript properly filed.

The fact that the term for filing the transcript was allowed to expire without seasonably applying for an extension, is wholly chargeable to the attorney for the appellant, even accepting as true all the facts set forth in his motion of opposition and for a new term.

It would be difficult to decide which of the attorneys is telling the whole truth, but the fact is that the motion to dismiss the appeal was not filed until December 2, 1933, after the extension had lapsed, the grant of which to the appellant was agreed to by the appellee and which extension this court denied, and that the appellant did nothing since November 24, after said extension was denied, when he could have requested a new term then instead of an extension.

Moreover, the motion to dismiss of December 2 was not heard until the 18th of said month, and the appellant could have presented the transcript certified by the clerk of the district court before the hearing; but he failed to do so for the sole reason that he was unwilling to pay to the clerk the sum demanded by the latter according to the statute and the jurisprudence. Schedule ''Q'' of section 2 of Act No. 17 of 1915, which the appellant invokes and which fixes the sum of twenty cents of each folio, can not be independently applied because, then, any interested party, at its discretion, could include in each folio any number of words. It must be applied in connection with section 2736 of the Compilation of 1911, which establishes the rule that ''a folio shall consist of one hundred words or fraction thereof in excess of fifty words,'' and this is also the rule generally applied in the States. See 26 Corpus Juris 746.

Under these circumstances, since there is involved a suit which was commenced more than eight years ago, wherein the complaint was amended three times and judgment was finally rendered on the pleadings, and a transcript much

shorter than the one finally presented could have been filed within the term fixed by the statute without the necessity of any extension, we do not feel justified in exercising our discretion in favor of the appellant and against the appellee.

As an additional reason therefor, perhaps it might be said that although the appellant had more than sufficient time to submit his brief and to try to convince the court that he has a clear, meritorious cause justifying this appeal, he has not even attempted to do so.

The motion for a new term must be denied and the appeal dismissed.